IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NAKIA HAMPTON,

    Plaintiff,

      v.

PUBLIX SUPER MARKETS, INC., et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:24-CV-00089-TWT

## OPINION AND ORDER

This is a personal injury action. It is before the Court on the Defendant Publix Super Markets, Inc.'s Motion for Reconsideration [Doc. 71] of the Court's Order denying the Defendant's Motion for Summary Judgment. Plaintiff Nakia Hampton opposes the motion. Rule 59(e) of the Federal Rules of Civil Procedure authorizes district courts to alter or amend a judgment upon motion. *See* Fed. R. Civ. Proc. 59(e). "The decision to alter or amend judgment is committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion." *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238–39 (11th Cir. 1985). Although the Federal Rules of Civil Procedure do not specifically authorize motions for reconsideration, they are common in practice.

Local Rule 7.2 states that motions for reconsideration are not to be filed "as a matter of routine practice," but only when "absolutely necessary." LR 7.2(E), NDGa. In particular, a party may move for reconsideration when there

is (1) newly discovered evidence, (2) an intervening change in controlling law, or (3) the need to correct clear error or prevent manifest injustice. *See Del. Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1383 (11 Cir. 2010). A manifest error of law is "the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Durden v. State Farm Fire & Cas. Co.*, 2017 WL 3723118, at *6 (N.D. Ga. Aug. 29, 2017) (citation omitted). By contrast, a motion for reconsideration is not a "vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind." *Brogdon ex rel. Cline v. Nat'l Healthcare Corp.*, 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000).

Publix has not presented new evidence or a change in controlling law, but argues this motion based upon the need to correct clear errors or prevent manifest injustice. (Def.'s Mot. for Recons., at 2–3). Publix cited cases to continue arguing it had no actual knowledge and that there is no genuine dispute as to this issue. However, Hampton provided evidence that Publix had actual knowledge of the hazard created by the drink dispenser. *Compare St. Joseph's Hosp. of Atlanta, Inc. v. Hall*, 344 Ga. App. 1, 3 (2017) (holding no actual knowledge was present on the general basis of ice re-freezing as specific knowledge). The Court agrees with Hampton's argument that Publix's reliance on *Drossman v. Wal-Mart Stores East, LP*, 374 Ga. App. 285 (2025), is

2

inapposite. (Pl.'s Resp. to Mot. for Recons., at 4). In *Drossman*, the court affirmed actual knowledge was not present in part because spill pads were placed away from the freezer in question. *Id.* at 287. But here, Publix's spill pads were placed closer to the water source. Additionally, Publix continues to argue that the video footage shows when and where the liquid first appears on the floor. (Def.'s Mot. for Recons., at 4–5). The Court could not at the summary judgment stage, and cannot still, determine that to be a genuinely undisputed fact. The video footage is unclear as to where the water originates from, as the alluded footnote indicates. (Op. & Order dated Mar. 23, 2026, at 8, n. 15). Taking the evidence in the light most favorable to the non-movant, the Court appropriately denied summary judgment. A jury should determine the water's source. Moreover, the Court denied summary judgment as to vicarious liability on the same grounds. Therefore, the Court will prohibit Publix's attempt to relitigate summary judgment and deny the Motion for Reconsideration [Doc. 71].

SO ORDERED, this ____1st____ day of June, 2026.

THOMAS W. THRASH, JR.
United States District Judge

3